CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/18/2017
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOHN J. CARR, <br><br> *Plaintiff*, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> *Defendant*. | CASE NO. 6:16-cv-00010 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment (dkts. 14 and 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 21, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 22, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objections lack merit, I will adopt Judge Ballou's R&R in full.

I. **Standard of Review**

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial

1

evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. Analysis

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits and supplemental security income under the Social Security Act based on his degenerative disc disease, diabetes, obesity, depression, and anxiety. Administrative Law Judge Brian P. Kilbane (hereinafter "ALJ") concluded that Plaintiff maintained the residual work capacity to perform medium work with certain exceptions; that he retained the ability to perform simple, unskilled work on a sustained basis in a competitive work environment; and that, while he could not return

to his previous jobs, he could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded that Plaintiff was not disabled.

Plaintiff makes four objections to the R&R, arguing that the ALJ: (1) failed to adequately considered his mental impairments; (2) gave inadequate weight to the opinion of his treating physician, Dr. Ivey; (3) improperly conducted the function-by-function part of the Residual Function Capacity analysis; and (4) insufficiently justified finding that his own statements as to his disability were not entirely credible. Each is discussed below.

### a. Mental Impairments

Plaintiff brings two primary objections specific to the mental impairments analysis. First, he argues that the ALJ did not adequately account for his ability to sustain concentration, persistence or pace over an average work day. (Objections at 1). Rather, Plaintiff alleges that the ALJ impermissibly equated the ability to perform a task with the ability to stay on task. Second, he argues that, contrary to the conclusions of the R&R, the ALJ did not satisfy the requirements of SSR 96-8p (S.S.A.), 1996 WL 374184 because the ALJ failed to consider his ability to sustain work over a normal workday and workweek. (*Id.*)

Plaintiff relies heavily on *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) for both of his objections. In particular, *Mascio* states that "an ALJ does not account for a claimant's limitations in concentration, persistence and pace by restricting the hypothetical question to simple, routine tasks, or unskilled work." *Mascio*, 780 F.3d at 638. Plaintiff correctly points out that here, he was adjudicated with moderate limitations as to concentration, persistence and pace, but that the hypothetical presented to the vocational expert noted only his ability to perform simple, routine tasks. (R at 27, 61–62).[1] *Mascio*, however, recognized that "the ALJ may find

---

[1] The Court uses "R" to refer to the administrative record, which is docket entry number

3

that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." *Mascio*, 780 F.3d at 632. Courts have interpreted this portion of *Mascio* to mean that failing to present concentration, persistence and pace limitations to the vocational expert is not error so long as the ALJ adequately justifies why those limitations are not relevant to the hypothetical presented. *See, e.g., Del Vecchio v. Colvin*, No. 1:14CV116, 2015 WL 5023857, at *6 (W.D.N.C. Aug. 25, 2015); *Hutton v. Colvin*, No. 2:14-cv-63, 2015 WL 3757204, at *3 (N.D.W. Va. June 16, 2015). Thus, the question before the Court is whether the ALJ adequately justified why, despite limitations to concentration, persistence and pace, Plaintiff was still able to perform work in the manner described to the vocational expert.

Judge Ballou addressed this question directly in his R&R, responding to Plaintiff's argument that the ALJ "did not account for his difficulty staying on task" and "failed to include his moderate limitations in concentration, persistence, or pace in the hypothetical to the vocational expert." (R&R at 3–4). Judge Ballou made the exact finding required under *Mascio*, concluding that "substantial evidence supports the ALJ's decision that despite Carr's limitations in concentration, persistence, or pace, he was capable of performing simple, routine, repetitive tasks." (*Id*. at 8). Judge Ballou then examined the evidence supporting this conclusion in greater detail, discussing: (1) the opinion of Dr. Jennings; (2) the opinion of Dr. Insinna; (3) Plaintiff's responsiveness to limited and conservative treatment; and (4) the substantial degree of ability evinced by his daily activities. (*Id*. at 8–10).

Plaintiff, in his objections, largely recycles arguments that were before Judge Ballou. He states that the opinions of Drs. Jennings and Insinna do not support the R&R's conclusion and

---

nine in this case.

that the ALJ and Judge Ballou failed to account for caveats in his ability to complete daily tasks. (Objections at 2). Such arguments ask this Court to "reweigh" "conflicting evidence," which is not its role. *Craig*, 76 F.3d at 589. Instead, the Court must determine whether the ALJ's decision was supported by "substantial evidence."

On this question, the Court concurs with Judge Ballou for the reasons stated in his R&R, and finds that substantial evidence supported the ALJ's decision that—despite Plaintiff's limitations in concentration, persistence, or pace—he was capable of performing simple, routine, repetitive tasks. As noted by Judge Ballou, this evidence included the opinions of the two doctors, the Plaintiff's daily activities, and that he was being treated conservatively. (R&R at 8–10; R36–39, 74, 75, 101). Thus, Plaintiff's objection will be overruled.

As to the workweek objection, *Mascio* found reversible error where "although the ALJ conclusions that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday." *Mascio*, 780 F.3d at 634. Plaintiff is also correct that some consideration of the ability to sustain work over an entire work week is required under SSR 96-8p. The ruling states that "[i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." 1996 WL 374184 (SSA), at *7 (July 2, 1996).

Here, although Judge Ballou did not discuss whether the ALJ properly considered Plaintiff's ability to sustain work activities over a workweek, since the issue was not raised by the parties, the ALJ did address this question in his opinion. Unlike the ALJ in *Mascio*, who "said nothing about [the claimant's] ability to perform [tasks] for a full workday," *Mascio*, 780

5

F.3d at 637, here the ALJ specifically addressed Plaintiff's ability to conduct tasks over a full workday, as well as his ability to engage in everyday activities. As part of his RFC analysis, the ALJ concluded that Plaintiff has the residual functional capacity to "stand/walk with normal breaks for 6 hours in an 8-hour workday; and sit with normal breaks for 6 hours in an 8-hour workday." (R at 28). Moreover, the ALJ further concluded that notwithstanding the mental limitations of the Plaintiff, "he retains the ability to perform simple, unskilled work [on] *a sustained basis* in a competitive work environment." (*Id.* (emphasis added)).

The ALJ's rationale rested on substantial evidence from the record, specifically addressing evidence of Plaintiff's mental limitations. The ALJ ultimately reached the aforementioned conclusion after lengthy narrative discussion and analysis of the evidence on the record. (*See* R at 28–40). This analysis discredited the opinion testimony of both Plaintiff and his treating physician alleging that Plaintiff was only able to sustain work for very limited periods without breaks. (*Id*. at 36–40). Instead, the ALJ's analysis credited the opinions of Drs. Jennings and Insinna, considered the activities Plaintiff was reportedly able to undertake in his everyday life, and weighed medical evidence that his mental impairments were stable and responded to conservative treatment. (*Id*.)

Again, Plaintiff's objections implore this Court to reweigh the evidence analyzed by the ALJ. While there may have been evidence also supporting Plaintiff's position, such as his self-reported limitations and the opinion of Dr. Ivey, it is not this Court's role to reweigh that evidence against the evidence given more weight by the ALJ.

The Court finds that the ALJ adequately discussed Plaintiff's ability to sustain work pursuant to SSR 96-8p. It further finds that the ALJ's conclusion as to this issue was supported

by substantial evidence. Therefore, the Court concurs with the R&R in granting Defendant's motion for summary judgment, and finds Plaintiff's objection on this point to be without merit.

### b. Weight of Treating Physician's Opinions

Plaintiff objects to the Magistrate Judge's holding that the ALJ properly concluded that the opinions of Dr. Ivey should be given little weight. Specifically, he argues that ALJ never expressly considered and rejected Dr. Ivey's opinions as to Plaintiff's need for unscheduled breaks and absences. Judge Ballou considered this argument in his R&R and concluded that the ALJ did adequately analyze Dr. Ivey's opinions regarding breaks and absences. (*See* R&R at 15–16). Judge Ballou reasoned that the ALJ gave little weight to these opinions based on contradictory evidence found in Dr. Ivey's treatment notes, Carr's daily activities, and the medical treatment records as a whole. (*Id*.)

The Court concurs with Judge Ballou's assessment that the ALJ's decision to give little weight to Dr. Ivey's opinion was supported by substantial evidence. The ALJ specifically noted Dr. Ivey's recommendations regarding breaks and absences, which occurred in November 2012 and May 2014. (R at 34, 46). The ALJ then described why he gave those exact opinions little weight. (*Id*. at 40). Specifically, the ALJ reasoned that Dr. Ivey's opinion was contradicted by medical evidence showing "lack of joint or back tenderness, full musculoskeletal range of motion, and unchanged treatment from his exam the same days as the questionnaires." (*Id*.) With regard to the mental impairments that supported Dr. Ivey's opinion, the ALJ noted that Plaintiff "showed normal mood, memory, affect, and judgment at his November 2012" visit and that "Dr. Ivey assessed his bipolar disorder as stable with unchanged treatment" during the May 2014 visit. (*Id*. at 38). The ALJ concluded that the persistence and limiting effects of Plaintiff's symptoms were not entirely credible because "he was treated conservatively with medication . . .

7

and was usually assessed with depression or anxiety that were stable." (*Id*. at 36, 38). Therefore, the ALJ's decision to give little weight to Dr. Ivey's opinion was supported by substantial evidence. Thus, Plaintiff's objection as to this matter is overruled.

### c. Residual Functional Capacity Analysis

Plaintiff contends that the R&R "erred in concluding that the ALJ's RFC [(Residual Functional Capacity)] analysis meet the standards set by SSR 96-8p." (Objections at 6). Specifically, Plaintiff argues that the ALJ erred in not making specific findings regarding whether Plaintiff's impairments would cause breaks or absences from work or changes in work posture. (*Id*.) Judge Ballou found that the narrative discussion of Plaintiff's Residual Functional Capacity met the requirements of SSR 96-8p because it discussed at length Plaintiff's impairments, his medical history, testimony and opinion evidence, and reasoned through conflicts in the evidence. (R&R at 17). *See also Taylor v. Astrue*, No. 11-cv-32, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (noting that while SSR 96-8p requires an ALJ to consider the evidence presented on a function-by-function basis, it does not require the ALJ to produce such a detailed statement in writing, rather a narrative discussion of the claimant's symptoms and medical source opinions is sufficient). Judge Ballou remarked that while the ALJ noted Plaintiff's impairments, which allegedly forced Plaintiff to lie down and take breaks, the ALJ ultimately concluded that Plaintiff's activities were not as limited as alleged based on other medical and testimonial evidence. (R&R at 17).

The Court again agrees with Judge Ballou's assessment. Plaintiff is incorrect that the ALJ did not address Plaintiff's ability to sustain work. (R at 28). While the ALJ noted that Plaintiff was reportedly unable to work without significant breaks, he ultimately concluded that the evidence supporting this allegation lacked credibility. (*Id.* at 36). The ALJ made this

8

determination based on conflicts between Dr. Ivey's opinions and other medical evidence, as well as conflicts between Plaintiff's self-reported limitations and his daily activities. (*Id*. at 36–40). Beyond considering the lack of credibility for opinions tending to show Plaintiff's inability to sustain work, the ALJ also looked at evidence supporting the conclusion that Plaintiff was able to work more than reported. This included evidence showing normal medical examinations, evidence of conservative treatment, evidence of daily activities requiring sustained concentration, and non-compliance with treatment recommendations for diabetes. (*Id*.) The ALJ used this evidence to make specific findings about which activities the Plaintiff could both engage in and sustain. (*Id*. at 28). While Plaintiff may disagree with the ALJ's conclusions, they were supported by substantial evidence. Therefore, this objection will be overruled.

### d. Plaintiff's Credibility

Finally, Plaintiff objects to the R&R's conclusion that the ALJ's credibility findings were supported by substantial evidence. Plaintiff primarily argues that the daily activities cited by the ALJ do not actually demonstrate that Plaintiff was able to maintain work activities on a sustained basis. These activities include cooking, helping in the preparation of his disability forms, paying bills, and performing other chores. (Objections at 7). Plaintiff argues that the ALJ "cherry-picked" evidence tending to show his ability, while ignoring evidence demonstrating that he was limited in his ability. (*Id*. at 7–8). Plaintiff further argues that the ALJ erroneously concluded that his mental impairments responded well to treatment. (*Id*. at 8). The R&R concluded that substantial evidence supported the ALJ's credibility finding, including medical evidence as to the severity of Plaintiff's ailments, his treatment history, and the capability evidenced by his daily activities. (R&R at 18).

The Court first notes that the ALJ devoted significant discussion to resolving conflicts

9

between Plaintiff's statements and other evidence before them. (R at 36–40). Judge Ballou likewise overviewed the credibility issues in detail. (R&R at 18–19). Both discussed evidence which support the conclusion that Plaintiff's statements were not fully credible. More specifically, they found that the evidence as to Plaintiff's daily activities and his medical history were in conflict with his own statements about the severity of his limitations. (R at 36–39). In resolving this conflict in the evidence, the ALJ found that Plaintiff's limitations were not as severe as reported. (*Id*. at 36).

Plaintiff's objections in effect ask this Court to re-examine the evidence and reach a different conclusion. For instance, Plaintiff contends that the ALJ drew the incorrect inferences from his daily activities because he did not account for important struggles and limitations Plaintiff had in completing those activities. Plaintiff essentially argues that the ALJ mischaracterized the scope and breadth of his activities. However, the Court must give great deference to the ALJ's credibility determinations and resolutions of conflicts in the evidence. *See Darvishian v. Geren*, 404 F. App'x 822, 831 (4th Cir. 2010); *Johnson*, 434 F.3d at 653 (citing *Craig*, 76 F.3d at 589) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].") (alteration in original). The Court cannot simply look at the same evidence and reverse the ALJ on the basis that it could have reached a different result.

Here, as Judge Ballou concluded, the ALJ supported his conclusions with substantial evidence. He discussed at length Plaintiff's medical history, and potential conflicts between Plaintiff's statement and certain other evidence (such as his daily activities and objective medical evidence). The ALJ presented a reasoned analysis, supported by the facts, as to why this conflict caused him to conclude that Plaintiff's statements were less than fully credible. As a result, this

objection is overruled.

### III. Conclusion

Judge Ballou correctly concluded that the ALJ's findings were supported by substantial evidence, and thus each objection will be overruled for the reasons discussed above. As a result, Defendant's motion for summary judgment will be granted, while Plaintiff's will be denied. An appropriate Order will issue.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record and to remove this case from the Court's active docket.

Entered this 18th day of September, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE